

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHRISTOPHER LEE DIAMOND JR., § | |
| Petitioner, § | |
| § | |
| vs. § | Criminal Action No.: 3:21-382-MGL-1 |
| § | Civil Action No.: 3:24-7274-MGL |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S SECTION 2255 MOTION,
AND DEEMING AS MOOT ALL REMAINING MOTIONS**

## I.   INTRODUCTION

Petitioner Christopher Lee Diamond Jr. (Diamond), who is representing himself, filed this 28 U.S.C. § 2255 (Section 2255) motion to vacate his sentence against Respondent United States of America (the government). The government responded and moved to either dismiss Diamond's motion or grant summary judgment.

Having carefully considered the motions, the response, the reply, the record, and the applicable law, the Court will grant the government's motion and deny Diamond's motion, necessarily deeming as moot all remaining motions.

## II.     FACTUAL AND PROCEDURAL HISTORY

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Diamond pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

At sentencing, Diamond received a total offense level of twenty-six—which was based in part on his prior felony conviction for a crime of violence, namely domestic violence in the second degree—and a criminal history category of IV.  Together, this meant Diamond's guideline range was ninety-two to 115 months of imprisonment.  The Court, however, granted a variance based on the parties' Rule 11(c)(1)(C) stipulation and sentenced Diamond to eighty-four months, followed by three years of supervised release.  The Court entered its judgment on August 25, 2022, and Diamond failed to appeal.

On May 1, 2024, the South Carolina Supreme Court thereafter issued its decision in *United States v. Clemons*, 901 S.E.2d 280 (S.C. 2024).  There, the court held criminal domestic violence of a high and aggravated nature can be committed recklessly in some circumstances.

On June 3, 2024, Diamond filed a motion to reduce his sentence under *Clemons*.  Diamond asserted he was entitled to a lower base offense level because his prior conviction for domestic violence in the second degree fails to constitute a crime of violence as per *Clemons*.

When the government moved to dismiss Diamond's motion for a sentence reduction, the Court issued an order holding the government's motion in abeyance and providing Diamond an opportunity to inform the Court whether he wanted it to construe his motion as a Section 2255 motion.  But, the Court advised, "unless any of the circumstances in [28 U.S.C. § 2255(f)(2)–(4)] apply, it appears a Section 2255 motion would be untimely."  October 24, 2024 Order at 3.

2

Diamond neglected to respond to the Court's order. Instead, he filed this Section 2255 motion, which the Clerk of Court received and docketed on December 13, 2024. The government responded, moving the Court to either dismiss the Section 2255 motion or grant summary judgment, and Diamond replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.

### III.    STANDARD OF REVIEW

#### A.    *Section 2255 generally*

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Four grounds exist upon which relief may be claimed under Section 2255(a): (1) where the sentence was imposed in violation of the Constitution or federal law; (2) where the Court was without jurisdiction to impose such a sentence; (3) where the sentence was in excess of the maximum authorized by law; and (4) where the sentence is otherwise subject to collateral attack. But, all such claims are subject to a one-year statute of limitations. *Id.* § 2255(f). This one-year limitations period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### B.     *Evidentiary hearing requirement*

In the Section 2255 context, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).  In other words, "[a] hearing is not required on a [Section] 2255 motion if the record of the case conclusively shows . . . petitioner is entitled to no relief."  *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

As such, "'[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to' stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence at an evidentiary hearing."  *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987)).

## IV.    DISCUSSION AND ANALYSIS

The government argues it is entitled to dismissal or summary judgment because Diamond's Section 2255 motion is untimely.

As the Court explained above, the limitations period for filing a Section 2255 motion begins to run from the latest of four specified events.  Here, however, three of these events are inapplicable.  Therefore, the Court must determine whether Diamond filed his motion within one year of "the date on which [his] judgment of conviction bec[ame] final[.]"  28 U.S.C. § 2255(f)(1).

The Court entered its judgment on August 25, 2022.  Because Diamond neglected to appeal, his judgment of conviction became final on September 8, 2022.  *See United States v.*

*Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."); Fed. R. App. P. 4(b)(1)(A) (explaining that, in a criminal case, a defendant's notice of appeal must be filed within fourteen days after the later of entry of judgment or the filing of the government's notice of appeal). Accordingly, the one-year limitations period ran from September 8, 2022, to September 8, 2023. Diamond, however, failed to file this Section 2255 motion until December 13, 2024.

Diamond claims he was unaware of *Clemons* due to COVID-19 restrictions at his facility and inconsistent access to the law library. But, the South Carolina Supreme Court issued its decision in *Clemons* on May 1, 2024, which is more than seven months after the limitations period lapsed. Thus, Diamond is unable to rely on the holding in that case for Section 2255 relief.

Given this determination, it is unnecessary for the Court to discuss the parties' remaining arguments. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is it is the judgment of the Court the government's motion for summary judgment is **GRANTED**, and Diamond's Section 2255 motion is **DENIED**.

Inasmuch as the record conclusively demonstrates Diamond is unentitled to relief, any request for a hearing is also **DENIED**. *See Yearwood*, 863 F.2d at 7 ("A hearing is not required on a [Section] 2255 motion if the record of the case conclusively shows . . . petitioner is entitled to no relief.").

Further, as the result of the above rulings, the remaining motions are necessarily **DEEMED AS MOOT**.

Finally, to the extent Diamond requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 17th day of June 2025, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.